UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT L. WYMORE** | **CIVIL ACTION NO. 5:14-cv-3493**<br>**SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **COL. LONNIE NAIL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

<u>**ORDER**</u>[1]

  Before the undersigned Magistrate Judge, on reference from the District Court, are two discovery motions: 1) a Motion to Compel discovery responses, [doc. # 23], filed by *pro se* Plaintiff Robert Wymore; 2) a Motion to Compel discovery responses and an associated request for attorneys' fees, [doc. # 26], filed by Defendants Col. Lonnie Nail and Warden Jerry Goodwin; plus a Motion for Investigation by DOJ and/or FBI [doc. # 28] filed by Plaintiff. For the reasons set forth below, the Plaintiff's Motion to Compel is **GRANTED IN PART**; his Motion for Investigation by DOJ and/or FBI is **DENIED;** and Defendant's Motion to Compel is **GRANTED.**

**<u>Background</u>**

  On December 18, 2014, *pro se* Plaintiff Robert Wymore, an inmate in the custody of Louisiana's Department of Corrections, filed the instant suit against Defendants under 42 U.S.C. § 1983. [doc. # 1]. Plaintiff alleges that, while incarcerated at the David Wade Correctional

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Center ("DWCC"), Defendants Col. Lonnie Nail and Warden Jerry Goodwin failed to protect him from violence at the hands of a fellow inmate. *Id.* at 5. Plaintiff prays for an injunction prohibiting "double celling" in certain units at DWCC; for an injunction mandating mental health screening for plaintiff based upon his placement for more than 180 days in cell block; for an injunction directing the defendants to provide 100 hours of "pre-release classes" as required by law; and, for compensatory and punitive damages. *Id.* at 16-19.

I.  **Motion to Compel**

Rule 26(b)(1) of the Federal Rules of Civil procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections. *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084,

1102 (D. N.J. 1996)).

The discovery rules are accorded a broad and liberal treatment in order to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Sanders*, 437 U.S. at 351. A court may limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C).

A.   Waiver

Plaintiff filed the instant Motion to Compel on February 29, 2016, asking the court to compel Defendants to respond to his request for production. According to Plaintiff, he served Defendants with a request for production of documents in September 2015. [doc. # 23-1, p. 1]. On October 8, 2015 Defendants filed a motion for extension of time to propound discovery. [doc. # 20]. The court granted Defendants' motion and permitted the parties an additional ninety (90) days to complete discovery. [doc. # 21]. Defendants claim that they timely responded to Plaintiff's discovery requests and "[a] copy of these responses . . . is attached." [doc. # 25, p. 1]. However, Defendants failed to attach any discovery responses to their memorandum.

Plaintiff argues that Defendants' responses to its request for production of documents was late, and therefore the Defendant's objections are waived. [doc. # 23-1, p. 1-2]. Plaintiff requests that the court order Defendants to provide answers to the request for production of documents without any objections. *Id.* Failure to provide timely written answers and/or

objections to interrogatories generally waives all objections to the interrogatories, unless the court excuses the failure for good cause. FED. R. CIV. P. 33(b)(4); *see In re United States*, 864 F.2d at 1156 ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). However, the court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made. *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1638022, at *2 (E.D. La. Apr. 13, 2015); *Fifty–Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); *Lucero v. Martinez*, 2006 WL 1304945, at *2 (D. N.M. Mar. 11, 2006); *Kolenc v. Bellizzi*, 1999 WL 92604, at *3 (S.D. N.Y. Feb. 22, 1999).

In this instance, Defendants' objections concerning relevance, scope and privilege should at least be considered and not deemed waived. Although the two parties contest whether Defendants timely responded to Plaintiff's discovery requests, the court finds that Defendants' alleged failure to provide timely responses was not so egregious as to merit a waiver of all objections. There is no support in the record that Defendant's late assertion of these objections has been made in bad faith or with dilatory intent, or that Plaintiff has been prejudiced in any way. For all of these reasons, the Court exercises its discretion to find that these objections have not been waived.

  B. <u>Disputed Discovery</u>

Plaintiff's motion to compel does not state which specific numbered requests for production of documents were not satisfactory. Plaintiff does state that "[e]ach item of the plaintiff Wymore discovery requests seeks 'any and all the grievances, complaints, or other

documents received by the defendants and/or their agents at David Wade Correctional Center, concerning mistreatment of Offenders, by Col. Nail and Warden Goodwin and /or their agents while housed in the Ext. Lockdown units and CCR known as N-1 through N-4, and it also requests that any memorandums (sp), investigations and files, and/or other documents created in response to such documents . . . ." [doc. # 23-1, p. 2]. Defendants object that the request is overly broad and seeks disclosure of personal and confidential records that would not be relevant to the claims at issue. [doc. # 25, p. 2].

Prior complaints made against the Defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity. *See Simcoe v. Gray, et al.*, No. 10–CV–6531, 2012 WL 1044565, *3 (W.D. N.Y. Mar. 28, 2012). Plaintiff only alleges that Defendants failed to protect him from violence at the hands of a fellow inmate. Plaintiff's request seeks information concerning constitutional violations beyond those alleged in the complaint. Plaintiff's request is overly broad and unduly burdensome; however the court finds that, to the extent they have not already done so, Defendants must provide documentation regarding any other complaints against Col. Nail for failure to protect from violence at the hands of a fellow inmate. Plaintiff's Motion to Compel is GRANTED to this extent, and is otherwise DENIED..

II.     **Defendant's Motion to Compel**

On March 3, 2016, Defendant filed a Motion to Compel seeking the court to compel Plaintiff to respond to discovery responses and an associated request for attorneys' fees. [doc. # 26]. Plaintiff filed a motion in opposition that merely restated his claims made in his Complaint.

5

[doc. # 29]. On January 13, 2016, Defendants served their second set of discovery requests to Plaintiff. [doc. # 26-5]. Defendants requested signed HIPAA authorization forms from Plaintiff in order to gain access to his medical records from University Health and EA Conway of Monroe. *Id.* at 4. On February 5, 2016, Plaintiff responded to the request and refused to sign the HIPAA forms. [doc. # 26-6].

Plaintiff claims that Defendants already have access to these medical records from his prison medical records. *Id.* at 2. Defendants assert that to properly ascertain the timeline of Plaintiff's medical treatment, they require Plaintiff's outside medical records which can only be obtained through Plaintiff's written consent. [doc. # 26, p. 3]. Plaintiff's medical records before and during his incarceration are relevant in light of Plaintiff's requested relief of damages concerning his alleged broken jaw. [*See* doc. # 1, p. 17]; *Lischka v. Tidewater Servs., Inc.*, 1997 WL 27066, at *2 (E.D. La. Jan.22, 1997) ("The cases almost universally hold, explicitly or implicitly, that Rule 34, along with Rule 37, empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents."). Therefore, Defendant's motion to compel is GRANTED and Plaintiff shall sign the HIPAA authorization release form.

### III. Request for Attorneys' Fees

When a motion to compel is granted, the Court is authorized to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5). The Rule provides exceptions for non-disclosures and responses that were substantially justified or for circumstances that make an award unjust. *Id.*

Here, the Court finds that the parties shall each bear their own costs in connection with the Motion. Defendants' objections were well-founded, and the court narrowed the disputed discovery request before ordering production. On the other hand, Plaintiff has not violated any prior Court discovery order. In addition, although some of Plaintiff's objections to Defendant's discovery requests were erroneous, there is no indication that the objections were made in bad faith. This is all to say that an award of fees and expenses under the present circumstances would be unjust. Nevertheless, if either side fails to comply with the instructions herein, the Court will be compelled to impose appropriate sanctions

## IV. Motion to Investigate

On March 22, 2016, Plaintiff filed a Motion for Investigation by DOJ and/or FBI of civil rights violations happening at DWCC. [doc. # 29]. Plaintiff asserts that 18 U.S.C. § 242 entitles an investigation into these matters. *Id.* at 1. Section 242 makes it a crime for a state official to act "willfully" and under color of law to deprive a person of rights protected by the Constitution. Private citizens, however, do not have a right to compel criminal prosecution; rather, the decision whether to file criminal charges lies within the discretion of the prosecutor. *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted). Thus, to initiate federal criminal charges, Wymore will need to bring his evidence to the United States Attorney for the Western District of Louisiana for her consideration. *See Williams v. U.S. Gov't*, 2014 WL 3191886, at *4 (M.D. La. July 8, 2014).

## Conclusion

For the reasons stated above,

Plaintiff's Motion to Compel discovery, [doc. # 23], is **GRANTED in PART**.

Defendant's Motion to Compel discovery, [doc. # 26], is **GRANTED** and Defendant's request for attorneys' fees, [doc. # 68], is **DENIED**.

Plaintiff's Motion for Investigation by DOJ and/or FBI, [doc. # 28], is **DENIED**.

**IT IS ORDERED** that, within **fourteen (14) days** from the date of this Order, Defendant and Plaintiff shall supplement their responses to one another's requested discovery in accordance with the Order herein.

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of April, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE