UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT L. WYMORE** | **CIVIL ACTION NO. 5:14-cv-3493** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **COL. LONNIE NAIL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are cross Motions for Summary Judgment filed by Plaintiff Robert L. Wymore [doc. # 39] and Defendants Colonel Lonnie Nail and Warden Jerry Goodwin (collectively "Defendants"). [doc. # 47]. Plaintiff's Motion for Summary Judgment is opposed. [docs. # 48]. For reasons set forth below, it is recommended that Defendants' motion [doc. # 47] be **GRANTED**, that Plaintiff's motion [doc. # 39] be **DENIED**, and that Plaintiff's claims against both Defendants be **DISMISSED, with prejudice**.

### Relevant Background Facts

On December 18, 2014, *pro se* Plaintiff Robert Wymore, an inmate in the custody of Louisiana's Department of Corrections, filed the instant suit against Defendants under 42 U.S.C. § 1983. [doc. # 1]. Plaintiff alleges that, while incarcerated at the David Wade Correctional Center ("DWCC"), Defendants Col. Lonnie Nail and Warden Jerry Goodwin failed to protect him from violence at the hands of a fellow inmate. (Amended Complaint [doc. # 10, p. 5]).

Plaintiff claims that beginning in March 2013, while being housed in DWCC, he was confined to extended lockdown for 16 months. *Id.* at 1. Plaintiff alleges that on February 13, 2014, inmate Tony Tabor was transferred from a single cell, where he had been placed for previously attacking a cell-mate, to Plaintiff's cell. *Id.* at 2. Thereafter, on July 13, 2014, Plaintiff claims that Tabor attacked him, resulting in a broken jaw in two places. *Id.* Plaintiff contends that

Tabor had a history of violence towards his cell-mates and he was not provided any warning of Tabor's history of violence. *Id.* at 3.

Plaintiff asserts that Defendants were deliberately indifferent to a serious risk of danger to his health and safety, resulting in his injuries. [docs. # 39; # 10, p. 8]. Plaintiff alleges that Defendant Col. Lonnie Nail knew of Tabor's violent history and "orchestrated the attack." [doc. # 10, p. 7]. Plaintiff prays for an injunction prohibiting "double celling" in certain units at DWCC; for an injunction mandating mental health screening for plaintiff based upon his placement for more than 180 days in cell block; for an injunction directing the defendants to provide 100 hours of "pre-release classes" as required by law; and, for compensatory and punitive damages. [doc. # 1, p. 16-19].

On May 12, 2015, this Court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on Defendants, via U.S. Marshal. [doc. # 11]. On July 28, 2015, the named Defendants answered the complaint, as amended. [doc. # 18]. On May 17, 2016, Plaintiff filed the instant Motion for Summary Judgment, which was opposed by Defendants on June 21, 2016. *See* [docs. # 39, 48]. Additionally on June 21, 2016, Defendants filed a cross-Motion for Summary Judgment, which is unopposed. [docs. # 47]. The matter is now before the court.

**I.      Standard of Review**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." FED. R. CIV. P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond

3

peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## II. Defendants' Motion for Summary Judgement

Defendants contend that Plaintiff's complaint fails to state a claim upon which relief can be granted and that they are entitled to qualified immunity from Plaintiff's claims against them in their official capacity.

### A. Plaintiff's Failure to Protect Claim

Plaintiff's complaint asserts that Defendants knew that Tony Tabor would attack him and that Defendants failed to protect him. [doc. # 10, p. 8]. It is well settled that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592-593 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77 (1994)). To prevail on a failure to protect claim, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to the inmate's safety. *Id*. A prison official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety," but disregards the risk. *Id*. "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and must in fact also have drawn the inference. No liability exists, however, if an official reasonably responded to a known substantial risk, 'even if the harm was ultimately not averted.'" *Id*. In other words, the deliberate indifference inquiry is two-pronged; the plaintiff must show 1) objectively, that he was exposed

---

[1] I.e., beyond doubt.

to a substantial risk of serious harm; and 2) subjectively, that the jail official was deliberately indifferent to the risk, i.e. that the official actually was aware of the risk, but disregarded it. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis added). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Here, although Wymore alleges that he was exposed to harm by prison officials, he fails to produce evidence sufficient to establish the existence of any genuine issue as to any material fact for a claim cognizable under Section 1983. Wymore has alleged that Defendants failed to protect him from assault by inmate Tony Tabor despite knowing Tabor's history of violence. However, Wymore's allegations do not demonstrate that the defendants' conduct constituted deliberate indifference in regard to that alleged incident. In *Farmer*, the Court held that to find that a defendant acted with deliberate indifference was to determine the defendant "knew" of the risk to the plaintiff at the time he acted, but was indifferent or unresponsive to it. 511 U.S. at 840–42. This subjective test is met if the defendants are shown to be aware of the risk to the plaintiff and then fail to respond to it. Wymore has not established that Defendants knew of and disregarded an excessive risk to his safety, or that he would suffer substantial harm under the circumstances presented by Wymore.

The record does not show that Wymore received any threats from Tabor prior to the assault that occurred on July 13, 2014, or that Wymore asserted a need for protection from Tabor before he was attacked. Under these circumstances, Wymore's contention that Defendants failed to prevent the assault rises only to the level of mere negligence, if anything, and is not sufficient to state a failure-to-protect claim. *See Farmer*, 511 U.S. at 837; *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Wymore identifies no evidence creating a factual dispute as to whether Defendants transferred Tabor to plaintiff's cell wantonly to inflict pain upon him or with indifference to a substantial risk of serious harm. The affidavits of Layne Benson, Johnny White and Lonnie Nail show that Defendants were unaware of any substantial risk to the plaintiff's safety. Wymore's conclusory allegation that Defendants were deliberately indifferent to the risk of harm presented by the transfer of Tabor to plaintiff's cell is not competent summary judgment evidence. *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994). The mere availability of information to Defendants that Tabor had a history of violence does not suffice to show intent wantonly to inflict pain upon plaintiff. Under the undisputed facts, the defendants were at most negligent, and not deliberately indifferent.

Additionally, the representations made in Plaintiff's motion for summary judgment and complaint are neither sworn, nor made under penalty of perjury.[2] It is manifest that unsworn

---

[2] Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct." *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n. 2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

statements do not suffice to create disputed issues of material fact which justify a trial. *Oglesby v. Terminal Transp. Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976). Wymore does not otherwise raise a genuine issue of material fact showing that the defendants failed to take reasonable steps to protect him from harm or that they acted with deliberate indifference to his safety. Under these circumstances, Plaintiff fails to establish a constitutional violation of the Eighth Amendment.

      B.      Qualified Immunity

Defendants invoke the affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to establish that the defense is inapplicable. *Id*. (citation omitted). A plaintiff's burden is two-pronged. *Id*. First, he must demonstrate that the defendant violated a constitutional right under current law. *Id*. "Second, he must claim that the defendant's actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. (quoted source and internal quotation marks omitted). The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Here, having determined that the individual defendants did not violate Plaintiff's constitutional rights, analysis of Defendants' qualified immunity defense is unnecessary. Even if Defendants violated a constitutional right of plaintiff, the evidence presented by plaintiff does not

7

demonstrate that Defendants' actions were objectively unreasonable. Further Plaintiff has failed to allege any specific allegations against defendant Goodwin. Thus, it appears that Goodwin has been named as a defendant on a theory of respondeat superior, which does not give rise to liability under § 1983. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997); *see also Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).

### III. Plaintiff's Motion for Summary Judgment

Plaintiff does not provide any support for his motion in the form of any legal argument. Instead, Plaintiff relies on conclusory arguments and unsubstantiated claims. Plaintiff contends in his motion that "Col. Lonnie Nail refuses to actually find out facts, and actually causes a lot of the problems within the maximum security cell-block area." [doc. # 39, p. 3]. Plaintiff bears the ultimate burden of proof at trial on his claims. Thus, to be entitled to summary judgment, Plaintiff must present evidentiary materials which establish each element of his claims for relief. *Fontenot*, 780 F.2d at 1194. Plaintiff has not done so. Although plaintiff has made allegations that Defendants have violated his constitutional rights, he has not presented evidence which affirmatively establishes each element of the claims he raises in his complaint.

Furthermore, as noted above, Plaintiff's assertions in his motion for summary judgment are not made under the penalty of perjury, and are therefore not competent summary judgment evidence.

For the above-assigned reasons,

**IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. # 47] filed by Defendants, Colonel Lonnie Nail and Warden Jerry Goodwin be **GRANTED**, and that Plaintiff's claims against **both** Defendants be **DISMISSED, with prejudice**.

**IT IS FURTHER RECOMMENDED** that the Motion for Summary Judgment [doc. # 39] filed by Plaintiff Robert L. Wymore be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 4th day of August, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE